**B104 (FORM 104) (08/07)**     **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Facsimile:  (804) 783-0178

   -and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA  90067-4100
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

Attorneys for S&K Famous Brands, Inc. Liquidating Trust

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-30805 (KRH) |
| , | ) |
| S & K FAMOUS BRANDS, INC., | ) Chapter 11 |
|     Debtors. | ) |
| | ) |
| S&K FAMOUS BRANDS, INC. LIQUIDATING TRUST, | ) Adv. Pro. No. 11-_____ |
|     Plaintiff, | ) |
| v. | ) |
| FRANCIS INTERNATIONAL TRADING, INC. | ) |
|     Defendant. | ) |

**THE LIQUIDATING TRUST'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

S&K Famous Brands, Inc. Liquidating Trust (the "Trust" and/or "Liquidating Trust" and/or "Plaintiff"), by counsel, in the above reference case, for its complaint (the "Complaint") against Francis International Trading, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Liquidating Trust brings this action against Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of S& K Famous Brands, Inc.'s bankruptcy proceedings.

## THE PARTIES

2. Article 6.2 of the First Modified Plan of Liquidation under Chapter 11 of the Bankruptcy Code proposed by the Debtor and the Official Committee of Unsecured Creditors dated December 7, 2009 (as confirmed, the "Plan") describes the assets to be transferred by the Debtor to the Liquidating Trust. These include "the right to commence, prosecute, settle, abandon and/or release any Avoidance Actions." Prior to the Effective Date (as hereafter defined) of the Plan, S & K Famous Bands, Inc.("S&K" or the "Debtor") was a corporation organized under the laws of the State of Virginia, maintained its principal place of business at 11100 W. Broad Street, Glen Allen, Virginia, and was the debtor in the above-captioned chapter 11 bankruptcy case.

3. Upon information and belief, defendant Francis International Trading, Inc. is a foreign corporation with its principal place of business in Quebec, Canada.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b).

2

DOCS_LA:231580.1

6. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules and 7001.

### PERTINENT FACTS

A. **General Case Background**

8. On February 9, 2009 (the "Petition Date"), S & K Famous Brands, Inc. (the "Debtor" and/or "S&K") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

9. The Debtor managed and operated its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. In the ordinary course of business, the Debtor incurred certain liabilities.

10. On December 23, 2009, the Court entered an order (the "Confirmation Order") confirming the Plan. The Plan became effective on March 16, 2010 (the "Effective Date") as set forth in the Notice of Effective Date.

11. Pursuant to the terms of the Plan and the Confirmation Order, KDW Restructuring & Liquidation Services LLC, was appointed as the Liquidating Trustee, effective as of the Effective Date. Further, the Confirmation Order approved the S&K Famous Brands, Inc. Liquidating Trust Agreement (the "Liquidating Trust Agreement") attached to the Plan Supplement.

12. Article 6.2 of the Plan describes the assets to be transferred by the Debtors to the Liquidating Trust. These include "the right to commence, prosecute, settle, abandon and/or release any Avoidance Actions."

B. **The Business Relationship Between S&K And Defendant**

13. Prior to the commencement of this bankruptcy case, the Debtor was a leading retailer chain of men's apparel which sold value-priced clothing in more than 130 stores throughout the East Coast and Midwest.

14. During the course of the parties' relationship, the parties engaged in numerous transactions that are reflected in invoices, communications and other documents (collectively, the "Defendant's Agreements"), pursuant to which S&K paid Defendant for certain goods/services.

15. S&K and Defendant conducted business with one another up to and through the Petition Date, and thereafter, under the Defendant's Agreements.

16. During the ordinary course of the Debtor's business, the Debtor maintained books and records of its transactions with Defendant (the "Books and Records").

C. **Transfers To Defendant Made Within 90 Days Prior To The Petition Date**

17. During the 90-day period prior to the commencement of S&K's bankruptcy case (the "Preference Period"), S&K transferred property to or for the benefit of Defendant in an amount not less than $156,606.00. A list identifying each and every transfer during the Preference Period is attached hereto as <u>Exhibit A</u> and incorporated herein by reference (collectively, the "Preferential Transfers" and each a "Preferential Transfer").

18. Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under Section 547(g). Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

19. The Trust repeats and realleges each of the allegations set forth above as if fully set forth herein.

20. During the Preference Period, Defendant was a creditor of the Debtor.

21. Each Preferential Transfer identified on <u>Exhibit A</u> hereto was made to or for the benefit of Defendant.

22. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by the Debtor before such Preferential Transfer was made.

23. Each Preferential Transfer was made during the Preference Period.

24. Each Preferential Transfer was made while the Debtor was insolvent.

25. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtor's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

26. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

27. The Trust repeats and realleges each of the allegations set forth above as if fully set forth herein

28. Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

29. Each Preferential Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

30. Subject to potential defenses, the Trust is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

### PRAYER FOR RELIEF

WHEREFORE, the Trust respectfully requests and prays that the Court:

i. Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Trust to avoid and recover the Preferential Transfers in an amount not less than $156,606.00; and

ii. Award the Trust prejudgment interest at the legally allowed applicable rate; and

iii. Award the Trust costs, and expenses of suit herein; and

iv. Grant the Trust such other and further relief the Court deems just and appropriate.

| | |
|---|---|
| Dated: Richmond, Virginia<br>January 28, 2011 | TAVENNER & BERAN, PLC<br><br>_/s/ Paula S. Beran_<br>Lynn L. Tavenner (VSB No. 30083)<br>Paula S. Beran (VSB No. 34679)<br>TAVENNER & BERAN, PLC<br>20 North 8th Street, Second Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Facsimile: (804) 783-0178<br><br>-and-<br><br>Jeffrey N. Pomerantz (admitted _pro hac vice_)<br>Shirley S. Cho (admitted _pro hac vice_)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., Suite 1100<br>Los Angeles, CA 90067-4100<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br><br>Attorneys for S&K Famous Brands, Inc. Liquidating Trust |

# EXHIBIT A

## (Preferential Transfers)

**S&K Famous Brands, Inc.**
**FRANCIS INTERNATIONAL TRADING**

**EXHIBIT A**

| Type | Check/Wire No. | Check/Wire Date | Amount |
|---|---|---|---|
| Check | 53455 | 11/21/2008 | $ 68,666.00 |
| Wire | 3988 | 11/12/2008 | $ 62,856.00 |
| Check | 54112 | 1/9/2009 | $ 24,084.00 |
| | | | $ 155,606.00 |

DOCS_LA:231580.1